# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 20-7510

JARVIS GIBBS,

        Plaintiff - Appellant,

     v.

SCDC; BRIAN STIRLING, Director; WARDEN D. STONEBREAKER, Warden; SOUTH CAROLINA DEPARTMENT OF CORRECTIONS,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Mary G. Lewis, District Judge. (0:20-cv-02163-MGL-PJG)

Submitted: March 28, 2022                 Decided: May 10, 2022

Before MOTZ and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

Reversed and remanded by unpublished per curiam opinion.

Jarvis Gibbs, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarvis Gibbs appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint for failure to prosecute. We reverse the district court's order and remand for further proceedings.

We review the district court's order for abuse of discretion. *Attkisson v. Holder*, 925 F.3d 606, 620 (4th Cir. 2019). "If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, a district court has inherent authority, even in the absence of a defendant's motion, to dismiss an action for a lack of prosecution or failure to comply with court orders, *Attkisson*, 925 F.3d at 625, and "to manage [its] docket[] . . . with a view toward the efficient and expedient resolution of cases," *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).

> [R]ecognizing the severity of dismissal as a sanction, we have identified four criteria that guide a district court's discretion in dismissing a case under Rule 41(b) . . . : (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Attkisson*, 925 F.3d at 625 (internal quotation marks omitted). "Those criteria, however, are not a rigid four-prong test." *Id.* (internal quotation marks omitted). "Rather, the propriety of an involuntary dismissal ultimately depends on the facts of each case, which we review to determine whether the trial court exercised sound discretion." *Id.* (internal quotation marks omitted).

After considering these factors, we conclude that the district court abused its discretion. Gibbs was not personally responsible for his transfer to a different prison, and this transfer caused him not to receive notice of the magistrate judge's order advising him of the need to advise the court of a change in his address. There is little prejudice to the defendants in this case, as they had yet to be served with a copy of the complaint. Moreover, Gibbs did not deliberately proceed in a dilatory fashion; instead, it appears that he was suffering from COVID-19 around the time of his transfer and COVID-19 made prison administration more challenging and likely contributed to Gibbs' failure to receive the magistrate judge's order.

Therefore, we reverse the district court's order and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*REVERSED AND REMANDED*